IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY EARL RIDLEY,

        **Plaintiff,**

        v.                                    CASE NO. 18-3097-SAC

**BOARD OF SEDGWICK COUNTY COMMISSIONERS, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Anthony Earl Ridley brings this *pro se* civil rights action under 42 U.S.C. § 1983. Although Plaintiff was incarcerated at the Lansing Correctional Facility at the time of filing, the acts giving rise to his Complaint occurred while he was in custody at the Sedgwick County Detention Facility. The Court granted his motion to proceed *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff alleges that he was denied a special diet and religious text in accordance with his Hindu religion, and that he was excluded from chaplain services. Plaintiff names as Defendants: the Board of Sedgwick County Commissioners; Sedgwick County; Sam Brownback; Governor Constituent Services Office; the State of Kansas; John Doe (1) Chaplain; and John Doe (2) Chaplain. Plaintiff seeks "$10,000,000 for monetary damages for violations of the Due Process Clause, [his] right to Substantive Due Process, and First, Fifth, Eighth and Fourteenth Amendments, Universal Declaration of Human Rights (UDHR), Federal Conspiracy to Obstruct

1

Justice Act, 42 U.S.C. 1985(2), (3), prospective injunctive relief and $3,000,000 for violation of Kan. Const. B. of R. (7), $10,000,000 for monetary damages for violations of Religious Land Use and Institutionalized Person Act (RLUIPA) and Kansas Preservation of Religious Freedom Act, $27,000,000 for punitive damages for constitutional injury and damages of emotional injury, loss of enjoyment of life, dispiritedness and mental distress and bodily damage."

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### 1. *Exhaustion*

Plaintiff describes his attempts to seek administrative relief as: "Sheriff's General Orders nothing was done to correct the problems. I also sent a formal grievance letter to Governor Sam Brownback." (Doc. 1, at 30.) Having considered Plaintiff's allegations, the Court finds the Complaint is subject to dismissal because Plaintiff acknowledges that he has not exhausted administrative remedies on his claims. Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). An "inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The court may dismiss sua sponte a prisoner complaint when it is clear on the face of the complaint that the prisoner has not exhausted administrative remedies. *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Accordingly, the court finds that Plaintiff's Complaint is subject to dismissal without prejudice based on his failure to exhaust available administrative remedies before filing this action.

### *2. Improper Defendants*

To bring a § 1983 claim, a plaintiff must show a "deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees of State Coll. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983.").

To impose § 1983 liability on the county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)). The Supreme Court has explained that it decided in *Monell* "that a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 387 (1989). Plaintiff alleges that "[e]very decision of such official made within the general ambit of his authority is an expression of policy." (Doc. 1, at 17.) However, Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff or Sedgwick County and no causal link between any such inadequacy and the allegedly unconstitutional acts. This action is subject to dismissal as against the Board of Sedgwick County Commissioners, Sedgwick County and Sheriff Jeff Easter because Plaintiff has not alleged the requisite causative custom or policy.

### *3. Personal Participation*

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo*, 465 F.3d at 1227; *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff fails to allege personal participation by the John Doe Chaplains in any purported constitutional violations. Plaintiff has not identified particular acts or omissions by each defendant. Plaintiff must explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Because he has failed to do this, Plaintiff has failed to state a cause of action under § 1983 against these defendants.

### *4. Immunity*

States and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. *Levy v. Kan. Dep't of Soc. And Rehab. Serv.*, 789 F.3d 1164, 1168 (10th Cir. 2015). As such, any claim for monetary damages against the state, a state agency, or a state official in his or her official capacity is subject to dismissal as barred by sovereign immunity under the Eleventh Amendment. *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001). Accordingly, Plaintiff's claims against Sam Brownback, the Governor's Constituent Services

Office, the State of Kansas, and any other state agency or employee are subject to summary dismissal.

### 5. *Conspiracy*

Plaintiff's bare conspiracy allegations fail to state a claim upon which relief may be granted. To state a claim for conspiracy, Plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.* Here, Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone. Such a conclusory allegation fails to state a plausible claim for relief and is subject to dismissal.

### 6. *Injunctive Relief*

Plaintiff also seeks injunctive relief. Because Plaintiff is no longer detained at the Sedgwick County Detention Facility, his requests for injunctive relief are moot. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer incarcerated at the Sedgwick County Detention Facility, his claims for injunctive relief are moot and subject to dismissal.

### 7. *Damages*

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiffs also seeks punitive damages, which are available in a § 1983 lawsuit. However, they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or

when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Plaintiff's request for punitive damages is subject to dismissal.

### *8. Frivolousness*

The Court notes that Plaintiff's instant case includes claims substantially similar to those he has raised in his prior cases. *See Ridley v. Sedgwick Cty. Sherriff's Office*, No. 18-3011-SAC (dismissed for failure to exhaust administrative remedies); *Ridley v. Kansas Dep't of Corr.*, Case No. 17-3214-SAC; *Ridley v. Brownback*, No. 18-3060-SAC, Doc. 6, at 3 (noting that Plaintiff "acknowledges that he has filed in this court two other cases that deal with the same facts involved in this action or otherwise relate to the conditions of his confinement"). The Tenth Circuit Court of Appeals affirmed this Court's dismissal of Case No. 17-3214-SAC based on Plaintiff's failure to exhaust. *See Ridley v. Kansas Dep't of Corr.*, No. 18-3055 (10th Cir. July 13, 2018) (unpublished).

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (unpublished) (citing *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)).

## IV. Motion for Class Certification

Plaintiff filed a motion for class certification (Doc. 4), seeking to maintain his action as a class action on behalf of the class of "Religious Student Association of Hindu Vaishnava Brahmacari." "A court may not certify a class unless it determines 'the representative parties will

9

fairly and adequately protect the interests of the class." *Lewis v. Clark*, 577 F. App'x 786, 793 (10th Cir. 2014) (citing Fed. R. Civ. P. 23(a)(4)). "When the court reviews the quality of the representation under Rule 23(a)(4), it will inquire not only into the character and quality of the named representative party, but also it will consider the quality and experience of the attorneys for the class." *Id*. (citation omitted). The Tenth Circuit in *Fymbo v. State Farm Fire and Casualty Co.*, 213 F.3d 1320 (10th Cir. 2000) concluded that a "litigant may bring his own claims to federal court without counsel, but not the claims of others" because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Id*. at 1321 (citation omitted). Plaintiff, appearing pro se, cannot adequately represent a class. Any request to certify a class is denied.

## V. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3097-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **August 17, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 17, 2018**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 18th day of July, 2018.**

                                             **s/ Sam A. Crow**
                                             **Sam A. Crow**
                                             **U.S. Senior District Judge**