IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY EARL RIDLEY,

        **Plaintiff,**

        v.                                                        CASE NO. 18-3097-SAC

BOARD OF SEDGWICK COUNTY
COMMISSIONERS, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Anthony Earl Ridley brings this *pro se* civil rights action under 42 U.S.C. § 1983. Although Plaintiff was incarcerated at the Lansing Correctional Facility at the time of filing, the acts giving rise to his Complaint occurred while he was in custody at the Sedgwick County Detention Facility. The Court granted his motion to proceed *in forma pauperis*.

Plaintiff alleges in his Complaint that he was denied a special diet and religious text in accordance with his Hindu religion, and that he was excluded from chaplain services. On July 18, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until August 17, 2018, to either show good cause why his Complaint should not be dismissed or to file a proper amended complaint. Plaintiff filed an Amended Complaint (Doc. 6).

The Court found in the MOSC that: Plaintiff's Complaint is subject to dismissal based on his failure to exhaust available administrative remedies before filing this action; this action is subject to dismissal as against the Board of Sedgwick County Commissioners, Sedgwick County and Sheriff Jeff Easter because Plaintiff has not alleged the requisite causative custom or policy; Plaintiff failed to allege personal participation by the two John Doe Chaplains; Plaintiff's claims

against Sam Brownback, the Governor's Constituent Services Office, the State of Kansas, and any other state agency or employee are subject to summary dismissal based on sovereign immunity; Plaintiff's bare conspiracy allegations fail to state a claim upon which relief may be granted; because Plaintiff is no longer detained at the Sedgwick County Detention Facility, his requests for injunctive relief are moot; Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury; and Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

The Court also noted in the MOSC that Plaintiff's instant case includes claims substantially similar to those he has raised in his prior cases. *See Ridley v. Sedgwick Cty. Sherriff's Office*, No. 18-3011-SAC (dismissed for failure to exhaust administrative remedies); *Ridley v. Kansas Dep't of Corr.*, Case No. 17-3214-SAC; *Ridley v. Brownback*, No. 18-3060-SAC, Doc. 6, at 3 (noting that Plaintiff "acknowledges that he has filed in this court two other cases that deal with the same facts involved in this action or otherwise relate to the conditions of his confinement"). The Tenth Circuit Court of Appeals affirmed this Court's dismissal of Case No. 17-3214-SAC based on Plaintiff's failure to exhaust. *See Ridley v. Kansas Dep't of Corr.*, No. 18-3055 (10th Cir. July 13, 2018) (unpublished).

In his Complaint, Plaintiff names as Defendants: the Board of Sedgwick County Commissioners; Sedgwick County; Sam Brownback; Governor Constituent Services Office; the State of Kansas; John Doe (1) Chaplain; and John Doe (2) Chaplain. Plaintiff seeks "$10,000,000 for monetary damages for violations of the Due Process Clause, [his] right to Substantive Due Process, and First, Fifth, Eighth and Fourteenth Amendments, Universal Declaration of Human Rights (UDHR), Federal Conspiracy to Obstruct Justice Act, 42 U.S.C. 1985(2), (3), prospective

injunctive relief and $3,000,000 for violation of Kan. Const. B. of R. (7), $10,000,000 for monetary damages for violations of Religious Land Use and Institutionalized Person Act (RLUIPA) and Kansas Preservation of Religious Freedom Act, $27,000,000 for punitive damages for constitutional injury and damages of emotional injury, loss of enjoyment of life, dispiritedness and mental distress and bodily damage." In his Amended Complaint, Plaintiff names the same defendants, although he identifies the two John Doe Chaplains, and he states the same request for relief. *See* Doc. 6, at 1–2, 35–36.

Plaintiff's Amended Complaint fails to address the deficiencies set forth in the MOSC. Plaintiff does allege in his Amended Complaint that he has attempted to exhaust his administrative remedies. Plaintiff alleges that he "sent a formal grievance letter to the Sedgwick County Sheriff's Office, actually [he] sent 2 letters and nothing was done to correct the institutional civil rights violations." (Doc. 6, at 17, 21.) Plaintiff also alleges that he made numerous complaints and that he filled out an inmate claim form to formally submit his grievance. *Id*. at 18, 19. Although it does not appear that Plaintiff completed the formal grievance procedures,[1] the Court finds that even if Plaintiff exhausted his administrative remedies, the Amended Complaint fails to state a valid claim for relief.

Plaintiff's Amended Complaint fails to address why his request for injunctive relief is not moot now that he is no longer incarcerated. *See Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *see also Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (unpublished) (holding that

---

[1] The Court notes that on January 12, 2018, Plaintiff filed *Ridley v. Sedgwick Cty. Sheriff's Office*, Case No. 18-3011-SAC, based on the same claims as the instant case. At the time of filing Case No. 18-3011-SAC, Plaintiff was incarcerated at the Lansing Correctional Facility, and was no longer housed at the Sedgwick County Detention Center. In that case, Plaintiff stated on his complaint that he did not exhaust his administrative remedies because he had been led to believe that his alleged incident was not a grievable matter. (Doc. 1, at 12.) That case was dismissed on April 25, 2018, for failure to exhaust administrative remedies. (Doc. 7.) Plaintiff filed the instant case on April 13, 2018.

"RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody.") (citations omitted).

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Plaintiff claims in his Amended Complaint that his damages are: for Count 1, "emotional injury, loss of enjoyment of life, bodily damage and mental distress" (Doc. 6, at 15); for Count 2, "emotional injury, loss of enjoyment of life, dispiritedness and mental distress" (Doc. 6, at 20); for Count 3, "emotional injury, loss of enjoyment of life, dispiritedness, bodily damage and mental distress" (Doc. 6, at 23); for Count 4, "emotional injury, loss of enjoyment of life, dispiritedness" (Doc. 6, at 25); for Count 5, "emotional injury, loss of enjoyment of life, and dispiritedness" (Doc. 6, at 28); for Count 6, "emotional injury, loss of enjoyment of life and dispiritedness" (Doc. 6, at 30); and for Count 7, "loss of enjoyment of life and dispiritedness" (Doc. 6, at 32).

Plaintiff alleges no facts to support his bald allegation of "bodily damage." *See Herring v. Tabor*, No. 9:12-cv-1739 (GLS/DEP), 2014 WL 2946545, at *9 (N.D. N.Y. June 30, 2014) (adopting report and recommendation) (stating that where plaintiff contends that he suffered "seriously bodily harm" such allegations are either wholly conclusory or insufficient to satisfy the physical injury requirement under section 1997e(e)). The only allegation even suggesting a physical injury is Plaintiff's claim that "Sheriff Jeff Easter did not stop serving me beef until I had attempt to commit self-destruction one month before I was sent to KDOC EDCF/RDU." (Doc. 6, at 18.) However, Plaintiff's alleged "attempt" at "self-destruction" does not set forth facts suggesting that he suffered a physical injury as a result of defendants' alleged constitutional violations.

Plaintiff also seeks punitive damages for "emotional injury, loss of enjoyment of life, dispiritedness and mental distress and bodily damage." (Doc. 6, at 36). Although § 1997e(e) does not preclude punitive damages, Plaintiff does not set forth facts warranting punitive damages. *See Moore v. Taylor*, No. 17-3070-CM, 2018 WL 2020725, at *2 (D. Kan. May 1, 2018) (citing *Searles v. Van Bebber*, 251 F.3d 869, 878–79 (10th Cir. 2001)) ("Under Tenth Circuit law, the statute does not preclude recovery of nominal or punitive damages."). Punitive damages "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

Plaintiff also fails to state a claim under the Universal Declaration of Human Rights. "[T]he Universal Declaration of Human Rights is merely a resolution of the United Nations" and, as such, is "simply [a] multination declaration[ ]" that is not "binding on the United States or on this court." *Chen v. Ashcroft*, 85 F. App'x. 700, 704 (10th Cir. 2004); *see also Dartez v. Peters*, No. 15-03255-EFM-DJW, 2017 WL 2774670, *6 (D. Kan. June 27, 2017) (finding that "despite the 'moral authority' of the Universal Declaration of Human Rights, it does not 'impose obligations as a matter of international law,' nor does it provide a basis for Dartez's § 1983 claim.") (citations omitted).

Plaintiff's allegations regarding violations of the Kansas Constitution or other Kansas laws cannot support a claim under § 1983, because "a plaintiff must allege a deprivation of a *federally* protected right under color of state law." *Id.* (citing *Thompson v. Galetka*, 42

5

F. App'x 397, 399 (10th Cir. 2002)) (emphasis added). "A violation of state law alone does not give rise to a federal cause of action under § 1983." *Id.* (citing *Thompson*, 42 F. App'x at 399).

**IT IS THEREFORE ORDERED THAT** this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 4th day of December, 2018.**


                                                **s/ Sam A. Crow**
                                                **Sam A. Crow**
                                                **U.S. Senior District Judge**