# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ANTHONY EARL RIDLEY,

    **Plaintiff,**

    v.                                  CASE NO. 18-3097-SAC

BOARD OF SEDGWICK COUNTY
COMMISSIONERS, et al.,

    **Defendants.**

## **O R D E R**

Plaintiff Anthony Earl Ridley brings this *pro se* civil rights action under 42 U.S.C. § 1983. Although Plaintiff was incarcerated at the Lansing Correctional Facility at the time of filing, the acts giving rise to his Complaint occurred while he was in custody at the Sedgwick County Detention Facility. The Court granted his motion to proceed *in forma pauperis*.

Plaintiff alleges in his Complaint that he was denied a special diet and religious text in accordance with his Hindu religion, and that he was excluded from chaplain services. On July 18, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until August 17, 2018, to either show good cause why his Complaint should not be dismissed or to file a proper amended complaint. Plaintiff filed an Amended Complaint (Doc. 6).

The Court found in the MOSC that: Plaintiff's Complaint is subject to dismissal based on his failure to exhaust available administrative remedies before filing this action; this action is subject to dismissal as against the Board of Sedgwick County Commissioners, Sedgwick County and Sheriff Jeff Easter because Plaintiff has not alleged the requisite causative custom or policy;

1

Plaintiff failed to allege personal participation by the two John Doe Chaplains; Plaintiff's claims against Sam Brownback, the Governor's Constituent Services Office, the State of Kansas, and any other state agency or employee are subject to summary dismissal based on sovereign immunity; Plaintiff's bare conspiracy allegations fail to state a claim upon which relief may be granted; because Plaintiff is no longer detained at the Sedgwick County Detention Facility, his requests for injunctive relief are moot; Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury; and Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

On December 4, 2018, the Court entered a Memorandum and Order (Doc. 7) finding that Plaintiff's Amended Complaint fails to address the deficiencies set forth in the MOSC. The Court found that: although it does not appear that Plaintiff completed the formal grievance procedures,[1] even if Plaintiff exhausted his administrative remedies, the Amended Complaint fails to state a valid claim for relief; Plaintiff's Amended Complaint fails to address why his request for injunctive relief is not moot now that he is no longer incarcerated; Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury; and Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

---

[1] The Court notes that on January 12, 2018, Plaintiff filed *Ridley v. Sedgwick Cty. Sheriff's Office*, Case No. 18-3011-SAC, based on the same claims as the instant case. At the time of filing Case No. 18-3011-SAC, Plaintiff was incarcerated at the Lansing Correctional Facility, and was no longer housed at the Sedgwick County Detention Center. In that case, Plaintiff stated on his complaint that he did not exhaust his administrative remedies because he had been led to believe that his alleged incident was not a grievable matter. (Doc. 1, at 12.) That case was dismissed on April 25, 2018, for failure to exhaust administrative remedies. (Doc. 7.) Plaintiff filed the instant case on April 13, 2018.

On December 17, 2018, Plaintiff filed a motion for reconsideration (Doc. 9), asking the Court to reconsider its December 4, 2018 Memorandum and Order. Plaintiff argues that he alleges acts or omissions sufficiently harmful to evidence deliberate indifference to serious "religious" needs in violation of the Eighth Amendment. Plaintiff alleges that defendants knew of and disregarded an excessive risk to his health. Plaintiff's argument that his claim should be considered as an Eighth Amendment claim does not address the deficiencies set forth in the MOSC and December 4, 2018 Memorandum and Order.

Plaintiff has stated no grounds for reconsideration. Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Servants*, 204 F.3d at 1012.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2018, at Topeka, Kansas.

                                        **s/ Sam A. Crow**
                                        **SAM A. CROW**
                                        **U. S. Senior District Judge**