**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


ANTHONY EARL RIDLEY,

      **Plaintiff,**

      v.                             **CASE NO.  18-3097-SAC**

BOARD OF SEDGWICK COUNTY
COMMISSIONERS, et al.,

      **Defendants.**


**O R D E R**

Plaintiff Anthony Earl Ridley brings this *pro se* civil rights action under 42 U.S.C. § 1983.  Although Plaintiff was incarcerated at the Lansing Correctional Facility at the time of filing, the acts giving rise to his Complaint occurred while he was in custody at the Sedgwick County Detention Facility.  The Court granted his motion to proceed *in forma pauperis*.

Plaintiff alleges in his Complaint that he was denied a special diet and religious text in accordance with his Hindu religion, and that he was excluded from chaplain services.  On July 18, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until August 17, 2018, to either show good cause why his Complaint should not be dismissed or to file a proper amended complaint.  Plaintiff filed an Amended Complaint (Doc. 6).

The Court found in the MOSC that:  Plaintiff's Complaint is subject to dismissal based on his failure to exhaust available administrative remedies before filing this action; this action is subject to dismissal as against the Board of Sedgwick County Commissioners, Sedgwick County and Sheriff Jeff Easter because Plaintiff has not alleged the requisite causative custom or policy;

Plaintiff failed to allege personal participation by the two John Doe Chaplains; Plaintiff's claims against Sam Brownback, the Governor's Constituent Services Office, the State of Kansas, and any other state agency or employee are subject to summary dismissal based on sovereign immunity; Plaintiff's bare conspiracy allegations fail to state a claim upon which relief may be granted; because Plaintiff is no longer detained at the Sedgwick County Detention Facility, his requests for injunctive relief are moot; Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury; and Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

On December 4, 2018, the Court entered a Memorandum and Order (Doc. 7) finding that Plaintiff's Amended Complaint fails to address the deficiencies set forth in the MOSC. The Court found that: although it does not appear that Plaintiff completed the formal grievance procedures,[1] even if Plaintiff exhausted his administrative remedies, the Amended Complaint fails to state a valid claim for relief; Plaintiff's Amended Complaint fails to address why his request for injunctive relief is not moot now that he is no longer incarcerated; Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury; and Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

---

[1] The Court notes that on January 12, 2018, Plaintiff filed *Ridley v. Sedgwick Cty. Sheriff's Office*, Case No. 18-3011-SAC, based on the same claims as the instant case. At the time of filing Case No. 18-3011-SAC, Plaintiff was incarcerated at the Lansing Correctional Facility, and was no longer housed at the Sedgwick County Detention Center. In that case, Plaintiff stated on his complaint that he did not exhaust his administrative remedies because he had been led to believe that his alleged incident was not a grievable matter. (Doc. 1, at 12.) That case was dismissed on April 25, 2018, for failure to exhaust administrative remedies. (Doc. 7.) Plaintiff filed the instant case on April 13, 2018.

On December 17, 2018, Plaintiff filed a motion for reconsideration (Doc. 9), asking the Court to reconsider its December 4, 2018 Memorandum and Order. On December 21, 2019, the Court denied Plaintiff's motion for reconsideration. (Doc. 10). On March 13, 2019, Plaintiff filed another motion for reconsideration (Doc. 11), once again asking the Court to reconsider its December 4, 2018 Memorandum and Order. Plaintiff styles his motion as a "Motion for Reconsideration of Void Judgment and Partial Summary Judgment." Plaintiff argues that he is seeking summary judgment on his claims against the Board of County Commissioners of Sedgwick County and against the State of Kansas. Plaintiff then argues that the Defendants violated the Equal Protection Clause, and cites case law regarding "deliberate indifference," "due process," and "equal protection."

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed more than 28 days after the entry of the order, the Court will treat it as a motion under Rule 60. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted ).

Plaintiff does not assert relief under any of the subsections in Rule 60(b), but he does title his motion as a "motion for reconsideration of void judgment." Rule 60(b)(4) provides that the Court may relieve a party from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Alford v. Cline*, 2017 WL 2473311, at *2 (10th Cir. June 8, 2017) (unpublished) (quoting *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002)). "Because § 1915A requires a district court to dismiss a prisoner's civil action for failure to state a claim as soon as practicable, a judgment dismissing such an action before service of process isn't void for lack of personal jurisdiction." *Robertson v. Kansas*, 624 F. App'x 969, 971 (10th Cir. 2015) (unpublished).

Due process is satisfied if "fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied." *Alford*, 2017 WL 2473311, at *2 (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)). Plaintiff does not dispute that he received adequate notice or the opportunity to present his arguments. *See United States v.*

*Rogers*, 657 F. App'x 735, 738 (10th Cir. 2016) (unpublished) (finding that Rule 60(b)(4) argument failed where the court considered party's claims, discussed the claims, and adequately addressed party's arguments). A judgment is not void merely because it is or may have been erroneous. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010); *Buck*, 281 F.3d at 1344 ("[A] judgment is not void merely because it is erroneous."). A Rule 60(b)(4) motion "is not a substitute for a timely appeal." *Espinosa*, 559 U.S. at 270 (citations omitted).

Plaintiff has not shown that relief under Rule 60(b)(4) or any other subsection of Rule 60(b) is warranted. The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for reconsideration (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2019, at Topeka, Kansas.


<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**